**STRUCTURAL PRESSED STEEL WHEEL CO., Inc., et al. v. BETHLEHEM STEEL CO.**

District Court, S. D. New York.

June 29, 1937.

Choate, Larocque & Mitchell, of New York City (Murray Corrington, of New York City, of counsel), for plaintiffs.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Bruce Bromley and Albert R. Connelly, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant moves for an order "staying all further proceedings herein upon the part of plaintiffs, or any of them, until the personal representatives of John W. Hutchinson, Jr. and Edward Fulda, deceased parties (plaintiff) hereto, shall be duly substituted for such deceased parties." (Order to show cause.)

It appears that plaintiffs Hutchinson and Fulda have died since the commencement of this action. Defendant contends that they or their representatives are indispensable parties hereto, since the purpose of the action is to procure a rescission of certain agreements entered into between plaintiffs and defendant. The prayer for relief in the bill of complaint asks an accounting in favor of the corporate plaintiff or a rescission of the several agreements at the option of the plaintiffs. By said agreements Structural Pressed Steel Wheel Company, Inc., assigned to Bethlehem Steel Company certain patents and rights in pending applications for patents.

The attorneys for plaintiffs do not wish to substitute the personal representatives of the two deceased plaintiffs, asserting that the deceased plaintiffs were merely nominal parties. In support of this view, they point to paragraph "First" of the second amended complaint wherein it is alleged that the individual plaintiffs have no interest in the subject matter of this litigation.

It is unnecessary to pass upon the question of whether the deceased plaintiffs or their representatives are indispensable parties to this action. There is no authority for staying further proceedings on the part of the surviving plaintiffs—particularly the corporate plaintiff, which alone is interested in the accounting prayed for.

Adequate relief is given defendant by Equity Rule 45, 28 U.S.C.A. following section 723, which provides in substance that, if the successors or representatives of the deceased party fail to make application within a reasonable time for their substitution in place of such deceased party, then

any other party may, on motion, apply for such relief.

The motion for a stay is accordingly denied. Settle order on notice.